# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:07cv66

| | |
|---|---|
| **REALTY WORLD AMERICA, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **LISA KRAMER,** | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## J U D G M E N T

For the reasons set forth in the Memorandum and Order filed herewith,

**IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED** that the Plaintiff Realty World America, Inc. is awarded against the Defendant Lisa Kramer its costs and fees incurred in attending the Judicial Settlement Conference, in the amount of $9,321.77.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that the Defendant's Answer is **STRICKEN** from the record, and judgment is hereby entered in favor of the Plaintiff with respect to the issue of Defendant's

liability for trademark infringement, trademark dilution, and unfair competition.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that the Defendant, her agents, servants, representatives, employees, attorneys, successors and assigns, and all those in active concert of participation with her who receive notice of such judgment directly or otherwise, are hereby **PERMANENTLY ENJOINED** from infringing Plaintiff's Trademarks, from falsely designating the origin, sponsorship of or affiliation of their business or services, and specifically from:

    (a)    Imitating, copying, using, reproducing, displaying, maintaining on a database or computer, or authorizing or permitting any third party to imitate, copy, reproduce, display, download, maintain by computer or otherwise, Plaintiff's Trademarks or any copies, simulations, variations or colorable imitations thereof on or in connection with the offering of any goods, services, information or data in person, via mail, or by electronic data transfer via computer network or otherwise;

    (b)    Using any trademark, trade name, logo, business name, graphic, slogan, or other identifier, or acting in any fashion which may be calculated to falsely represent that the services provided, promoted or offered by Defendant are sponsored by, authorized by, licensed by, or in any other way associated with Plaintiff;

(c) Diluting the distinctive quality of Plaintiff's Trademarks, including the unauthorized licensing thereof; or

(d) Aiding, assisting or abetting any other party in doing any act prohibited by subparagraphs (a) through (c).

**IT IS SO ORDERED.**

Signed: February 11, 2008

Martin Reidinger
United States District Judge